**790247 ONTARIO, LTD., Plaintiff,**

v.

**WINSTON FROST SECURITIES, INC., Herbert M. Jacobi, Sylvia Ofsink and Edward M. Grushko, Defendants.**

No. 89 CIV 1603 (KC).

United States District Court, S.D. New York.

March 29, 1989.

Barry Katz and Robert Helfand, Sheriff, Friedman, Hoffman & Goodman, New York City, for plaintiff.

Herbert M. Jacobi and Edward M. Grushko, Jacobi & Grushko, New York City, for defendants.

## MEMORANDUM ORDER

CONBOY, District Judge:

Plaintiff seeks a preliminary injunction providing, *inter alia*, Court appointment of a receiver to manage the defendant brokerage firm, which Plaintiff asserts it beneficially owns. Through its principals Herbert West and Steven Polen, plaintiff asserts that the defendant Herbert M. Jacobi, has committed fraud, misappropriated funds, and is "actually engaged in enriching himself." Plaintiff's Memorandum of Law at p. 3. Plaintiff also complains that

Jacobi was retained as its counsel for purposes of acquiring and operating defendant Winston Frost Securities, Inc., and breached his fiduciary and professional responsibilities to it. Plaintiff claims that Jacobi wrongfully seized control of Winston Frost by installing his 81 year old mother-in-law, defendant Sylvia Ofsink, as the legal owner of Winston Frost, and that it has been "locked out," *id.* at p. 1, of the brokerage's management. Defendant Jacobi insists that Plaintiff's principals West and Polen intended to conceal their interest in the firm through a nominal owner because of their dubious reputations with international securities regulatory authorities.

On March 8, 1989, this Court issued a temporary restraining order preventing defendants from making any distributions or disbursements to the non-corporate defendants, transferring or assigning any ownership interest in the corporate defendant, and making any expenditures outside the ordinary course of the business of the corporate defendant. The defendants were further ordered to afford plaintiff full and complete access to Winston Frost's books and records in advance of the hearing on the preliminary injunction, which took place on March 23, 24, 27, 28 and 29, 1989.

## FINDINGS OF FACT AND CONCLUSION OF LAW

On the question of irreparable harm, plaintiff insists that without the appointment of a receiver, the assets of Winston Frost will be dissipated. Plaintiff has established that the bookkeeping is inadequate at the firm, but has failed to show that any of the $450,000 contributed to the firm by plaintiff has been specifically embezzled, misappropriated or negligently managed. In this connection, the Court observes that plaintiff was given full access by order of this Court to the books and records of Winston Frost, and yet plaintiff's expert, Mr. Stanley Goldberg, submitted no formal or detailed report or analysis of the financial condition of Winston Frost. Furthermore, no assertion of non-compliance with the Court's order was made by the plaintiff until the hearing herein was underway. Accordingly, we find that plaintiff has failed to carry its burden of showing irreparable harm in the absence of the relief sought.

On the issue of likelihood of success on the merits, the Court observes, as plaintiff's counsel conceded at the hearing, that the case will decisively turn upon the credibility of Herbert West, plaintiff's co-founder, who testified at length at the hearing, and defendant Jacobi, whose deposition was admitted at the hearing.

West testified that he was indicted, tried and acquitted in Canada of multiple counts of business fraud; that the Royal Canadian Mounted Police had raided and shut down an international diamond business run by him and his brother; that he invited an associate to participate in the Winston Frost venture knowing that the individual had been convicted of multiple counts of securities fraud; that he had made no inquiry after having been advised that another associate, who had actively participated at his request in the Winston Frost negotiations, was under investigation by the Securities and Exchange Commission in connection with a brokerage business he owned in Florida; that he had abruptly abandoned a profitable brokerage business in the Netherlands because of the proximity of "shady characters"; that he could not identify the investors who provided the $450,000 that was wired to Jacobi; and that he knew as early as October, 1988 (the month in which Winston–Frost was acquired) that Sylvia Ofsink, Jacobi's 81 year old mother-in-law, was the owner of record of Winston Frost, and neither objected nor took any action in connection therewith. Furthermore, after testifying that he had been retired from the securities business since 1984, he conceded that he had been a "consultant" to the establishment of brokerage firms in Spain and the Philippines. He also stated that he saw business advantage in engaging in the securities business where regulation was less stringent than that in the United States and Canada.

West further agreed that he gave the funds in question to Jacobi without any written contract, guarantee or documenta-

tion; and that he had never met or dealt with Jacobi before the Winston–Frost venture.

Jacobi's deposition is full of the most outrageous double talk and evasion.

West's position is that he is an innocent minnow devoured by a shark named Jacobi. Jacobi does no more than insist that West is something more than a hapless and vulnerable minnow. The Court concludes that both West and Jacobi are on the basis of this record, wholly lacking in credibility.

For these purposes, it need be said only that plaintiff has failed to carry its burden to justify the extraordinary equitable relief it seeks.

During the five hundred years before our era, the Lords Chancellor of England, sitting in Equity, from time to time issued Maxims, which summarized the moral dimension in the character of equitable relief. They may have said, though it is not reported, that Equity does not coalesce with scoundrels. If not, we say so now.

The application for a preliminary injunction is denied, and the temporary restraining order is vacated.

SO ORDERED.